CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

SEP 13 2018

JULIA C. DUDLEY, CLERK
BY: HMcDonagh
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 4:93-cr-70173-1 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| JOSEPH MANN, | ) | By: Hon. Jackson L. Kiser |
| | ) | Senior United States District Judge |
| Petitioner. | ) | |

This matter is before the Court on Petitioner Joseph Mann's Motion for *Coram Nobis* Relief 28 U.S.C. § 1651 [ECF No. 171], and the United States' Motion to Dismiss [ECF No. 181]. For the reasons stated herein, the Government's Motion to Dismiss will be granted, and Petitioner's Motion for *Coram Nobis* Relief will be dismissed.

### I.

In 1994, Petitioner pleaded guilty to three counts of an indictment. Count Three of the Indictment charged Petitioner with a violation of 18 U.S.C. § 924(c)—use of a firearm during and in relation to a drug trafficking crime. Pursuant to a written plea agreement, Petitioner entered his pleas and, following a substantial assistance motion filed by the government, Petitioner was ultimately sentenced to 90 months incarceration.

Following his release, Petitioner was arrested in the Eastern District of North Carolina following a bank robbery. He was charged with and convicted of a Hobbs Act violation, as well as use of a firearm in a crime of violence. See United States v. Mann, No. 5:02-cr-00156-H (E.D.N.C. Feb. 19, 2003). The jury acquitted him of bank robbery, see 18 U.S.C. § 2113A (2002), and another charge of use of a firearm during the commission of a crime of violence, see 18 U.S.C. § 924(c) (2002). Petitioner was sentenced to 510 months incarceration, which included the mandatory, consecutive 300 months on the firearm charge, and is still in custody.

On December 18, 2017, Petitioner filed a document that he requested be construed as a writ of error *coram nobis* [ECF Nos. 171, 175], challenging his conviction in this court.[1] The government filed a motion to dismiss that writ on August 2, 2018. [ECF No. 181.] A notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was sent to Petitioner on August 3 [ECF No. 182], but Petitioner did not respond to the government's motion. Accordingly, this matter is ripe for consideration.

## II.

"A writ of *coram nobis* is an 'extraordinary remedy,' and courts should grant the writ 'only under circumstances compelling such action to achieve justice' and to correct errors 'of the most fundamental character.' United States v. Morgan, 346 U.S. 502, 511–12 (1954)." United States v. Childress, No. 7:94-cr-40106-6, 2011 WL 5196530, at *2 (W.D. Va. Oct. 31, 2011), aff'd 466 F. App'x 216 (4th Cir. 2012). *Coram nobis* relief is "substantially equivalent" to habeas corpus relief. United States v. Little, 608 F.2d 296, 299 (8th Cir. 1979.

According to the Fourth Circuit, "A petitioner seeking [*coram nobis*] relief must show that '(1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III [of the Constitution]; and (4) the error is of the most fundamental character.'" United States v. Akinsade, 686 F.3d 248, 252 (4th Cir. 2012) (quoting Hirabayashi v. United States, 828 F.2d 591, 604 (9th Cir. 1987)).

Petitioner makes two primary arguments in his attempt to set aside his 1994 conviction in this court. First, he contends his attorney did not advise or explain to him that he was being charged with a violation of 18 U.S.C. § 924(c)(1)(A), and that if he pleaded guilty, he "was

---

[1] Because he is no longer in custody for the charges stemming from his conduct in the Western District of Virginia, his motion is proper.

- 2 -

going to be subjecting [himself] to a mandatory, consecutive sentence of at least 5 (five) years, along with the fact that if [he] was ever to incur another 18 U.S.C. § 924(c)(1)(A) conviction, that [he] was subject to a mandatory, consecutive sentence of at least 25 (twenty-five) years . . . ." (Mot. for Coram Nobis Relief ¶ 2, Dec. 18, 2017 [ECF No. 171].) Second, he contends that the search which lead to his arrest was conducted "without obtaining a search warrant," in violation of the Fourth Amendment. (Id. ¶¶ 3, 7.) Because of these alleged errors, he contends his guilty plea was not entered knowingly or voluntarily. (See id. ¶ 9.)

Both of these claims, even assuming either is meritorious,[2] could have been raised on direct appeal or in a habeas petition while Petitioner was in custody. As to the ineffective assistance of counsel, Petitioner makes no argument or showing why the argument that his attorney had not properly advised him of the mandatory sentence was not raised: (1) at his change of plea hearing; (2) at his sentencing; (3) on direct appeal; or (4) in a habeas petition. Petitioner has failed to show any reason to excuse his failure to make this claim in the intervening years, and thus he has failed to show that "valid reasons exist for not attacking the conviction earlier . . . ." Akinsade, 686 F.3d at 252.

As to his Fourth Amendment illegal search claim, Petitioner has not offered any evidence or argument to show why this claim is being raised—for the first time—nearly 25 years after his conviction. The argument he puts forth now does not rely on new evidence unavailable to him at the time of his indictment and plea, and he has not alleged any impediment to raising the claim in

---

[2] As to the ineffective assistance of counsel, Petitioner signed and agreed to the following statements in his plea agreement: "You will enter a guilty plea to . . . Count Three (Use of Firearm in Drug Trafficking Crime) . . . . Count Three is punishable by a 5 year mandatory term of imprisonment which must be served consecutively to any other sentence, a fine of up to $250,000, and a three year term of supervised release. . . . I, Joseph Mann, have read the agreement and fully discussed it with my attorney. I fully understand the terms and conditions of this agreement and freely and voluntarily enter into this agreement." [ECF No. 181-3.] Thus, even if Petitioner's writ was appropriately considered under Akinsade, the writ should be denied on the merits.

a direct appeal or habeas petition while he was in custody. Rather, unhappy with the mandatory sentence from his second § 924(c) charge, he seeks to undo his conviction by any means available to him and escape the weighty prison sentence imposed by the Eastern District of North Carolina. Petitioner cannot show that "valid reasons exist for not attacking the conviction earlier," id., and thus he is not entitled to the relief he seeks.

## III.

For the foregoing reasons, I will grant the government's motion to dismiss and dismiss Petitioner's writ of error *coram nobis* without prejudice.

The clerk is directed to forward a copy of this Memorandum Opinion and accompanying Order to Petitioner and all counsel of record.

ENTERED this 13th day of September, 2018.

/s/ Jackson L. Kiser
SENIOR UNITED STATES DISTRICT JUDGE